MELINDA HAAG (CABN 132612)
United States Attorney

DAVID R. CALLAWAY (CABN 121782)
Chief, Criminal Division

PHILIP KOPCZYNSKI (NYBN 4627741)
Special Assistant United States Attorney

    450 Golden Gate Avenue, Box 36055
    San Francisco, California 94102-3495
    Telephone: (415) 436-6471
    Facsimile: (415) 436-7027
    philip.kopczynski@usdoj.gov

Attorneys for United States of America

**FILED**
APR 28 2015
RICHARD W. WIEKING
CLERK, U.S. DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>    Plaintiff,<br><br>    v.<br><br>JOSE ERI OCHOA,<br><br>    Defendant. | CASE NO. CR 14-525 RS<br><br>STIPULATIONS REGARDING BENCH TRIAL<br><br>Honorable Richard Seeborg<br><br>Date: April 28, 2015<br>Time: 2:30 p.m. |

STIPULATIONS REGARDING BENCH TRIAL
No. CR 14-525 RS

The parties hereby submit the following stipulations for trial by the Court, pursuant to Federal Rule of Criminal Procedure 23.

## I. INTRODUCTION

This trial concerns the allegation that Defendant Jose Eri Ochoa is an alien who illegally returned to the United States after his removal to Mexico.

The grand jury returned the Indictment in this case on October 16, 2014. It charges Defendant with a single count of illegal reentry of a removed alien, in violation of Title 8, United States Code, Section 1326. On January 13, 2015, Defendant moved to dismiss the Indictment. The United States filed an Opposition on February 3, 2015, and Defendant filed a Reply on February 17, 2015. The Motion to Dismiss argued that Defendant's removal to Mexico was based on improper grounds, and therefore it cannot serve as a predicate for a prosecution for illegal reentry. The Court heard oral argument from the parties on March 17, 2015, and issued an Order denying the motion the next day.

The parties now agree to a bench trial with stipulations as detailed below. The parties enter these stipulations with the understanding that Defendant is not rendering moot his right to appeal the denial of his Motion to Dismiss. *See United States v. Larson*, 302 F.3d 1016, 1020 (9th Cir. 2002) (stating that appeal after a stipulated facts bench trial is not moot if the stipulations merely describe evidence the government intended to introduce at trial).

## II. STIPULATIONS FOR TRIAL

1. But for these stipulations, the United States would have introduced at least the documents described below at trial, and would have called at least the following witnesses at trial: Deportation Officer Neemoe Hagedorn, Deportation Officer Stanley Rili, Immigration Enforcement Agent Raymond Der, and Heather Wigington, all of the Department of Homeland Security.

   a. If called to testify, Officer Hagedorn would testify as follows:

      i. Defendant is a citizen of Mexico and is not a citizen or national of the United States of America.

      ii. An executed Warrant of Removal/Deportation created by the Immigration and Naturalization Service shows that Defendant was removed from the United States to Mexico on April

---

13, 2001, pursuant to a final order of an immigration judge. The Warrant of Removal/Deportation contains Defendant's photograph, fingerprint, and signature. The Warrant of Removal/Deportation also contains the signatures of two Immigration and Naturalization Service officials who witnessed and verified Defendant's removal.

        iii. Defendant never applied for nor received permission to reenter the United States from either the Attorney General or the Secretary of the Department of Homeland Security.

    b. If called to testify, Officer Rili would testify as follows:

        i. On September 4, 2014, at approximately 6:05 a.m., Officer Rili and other officers encountered Defendant at a residence in South San Francisco, California. Defendant identified himself as Jose Eri Ochoa.

        ii. Officer Rili consulted Immigration and Customs Enforcement records and learned Defendant was removed from the United States in 2001. Immigration officials had no contact with Defendant between his removal in 2001 and September 4, 2014. Officer Rili arrested Defendant on September 4, 2014 for illegally reentering the United States without permission.

    c. If called to testify, Ms. Wigington would testify as follows:

        i. Ms. Wigington performs latent print examinations at the Department of Homeland Security's Biometric Support Center West in San Diego, California.

        ii. Ms. Wigington compared the fingerprint on the Warrant of Removal/Deportation to fingerprints taken from Defendant on September 4, 2014, and concluded that the fingerprints were made by the same individual.

    d. If called to testify, Agent Der would testify as follows:

        i. On September 4, 2014, Agent Der took a written and sworn statement from Defendant in which Defendant admitted that he is a citizen of Mexico and was removed from the United States in 2001, reentered the United States in 2003, and never applied for permission to reenter.

2. The Warrant of Removal/Deportation and Defendant's sworn statement are deemed admitted into evidence for the purpose of this trial.

### III. DEFENDANT'S WAIVER OF RIGHTS

Defendant waives his right to a jury trial. The United States consents to have the Court conduct the trial in this case. Defendant waives his right to testify and to call any witness on his own behalf, and he submits this matter for decision by the Court on the basis of the above stipulations.

SO STIPULATED.

Dated: April 28, 2015

MELINDA HAAG
United States Attorney

_/s/ Philip Kopczynski_
PHILIP KOPCZYNSKI
Special Assistant United States Attorney

Dated: April 28, 2015

_/s/ Jose Eri Ochoa_
JOSE ERI OCHOA
Defendant

Dated: April 28, 2015

_/s/ Geoffrey Hansen_
GEOFFREY HANSEN
Attorney for Defendant